United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RANJIT KAUR SINGHRU,<br><br>Plaintiff,<br><br>v.<br><br>MITCHEL SMITH,<br><br>Defendant. | Case No.  18-cv-07139-DMR<br><br>**ORDER REASSIGNING CASE TO DISTRICT JUDGE; REPORT AND RECOMMENDATION TO GRANT IFP APPLICATION AND REMAND CASE TO SUPERIOR COURT** |

Pro se Defendant Mitchel Smith ("Mr. Smith") removed this case pursuant to 28 U.S.C. § 1441 from Superior Court of California, County of Contra Costa.  [Docket No. 1 (Notice of Removal).]  The underlying case appears to be an unlawful detainer action.  Mr. Smith has also filed an application to proceed *in forma pauperis* ("IFP").  [Docket No. 2.]

Not all parties have filed a declination or consent to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c).  Therefore, the court issues this Report and Recommendation and reassigns this case to a district judge for final disposition, with the recommendation that the IFP application be granted and that summary remand be ordered.

## I.      IFP APPLICATION

Having evaluated Mr. Smith's financial affidavit, the court finds that he has satisfied the economic eligibility requirement of 28 U.S.C. § 1915(a) and therefore recommends that the IFP application be granted.  The court next turns to the issue of subject matter jurisdiction.

## II.     BACKGROUND

Mr. Smith filed the Notice of Removal on November 23, 2018.  The first page of the Notice displays what seems to be the case number for the underlying state court action: PS18-1124.  Notice of Removal at 1.  Ranjit Kaur Singhru ("Mr. Singru") is the named plaintiff.  *Id.*  The Notice contains allegations relating to conduct by Bank of New York Mellon ("Bank"), which is not a party to this

case. *See id.* at 2-5. Mr. Smith alleges that the Bank fraudulently sold his home by procuring "false court documents." *Id.* at 3. Attached to the Notice are several documents that appear to be communications from Mr. Smith to the Bank and its loan servicer, Shellpoint Mortgage Servicing, requesting verification that the Bank is the authorized holder of his mortgage debt. *Id.* at 14-23. There is also a document labeled "Petition for Verification of Debt Else Release of Claim." *Id.* at 24. However, there is no case number on that document and no indication that it relates to an existing action. *Id.*

The only documents that appear to relate to the underlying state court action with case number PS18-1124 are (1) a Notice to Vacate for the address 4525 Lariat Lane, Oakley, CA 94561 and (2) a Writ for Possession of Real Property. *Id.* at 6-13. These documents contain the same case number as the case number written on the Notice of Removal. They list Mr. Singhru as the plaintiff, and are on standard pleading forms for the Superior Court of California, County of Contra Costa. *Id.* These documents appear to indicate that the underlying state court case is an unlawful detainer action by Mr. Singhru against Mr. Smith.

On January 22, 2019, the court ordered Mr. Smith to file a copy of the underlying complaint. [Docket No. 6.] On February 1, 2019, Mr. Smith filed a Notice of Voluntary Dismissal. [Docket No. 8.] In that filing, he explains that he "mistakenly filed [the case] under the person who fraudulently bought it," apparently referring to Mr. Singhru. *Id.* He states that he "would like to voluntarily dismiss" this case but "reserve[s] the right to file a damage claim against Bank of New York Mellon." *Id.*

### III.   ANALYSIS

Federal courts are courts of limited jurisdiction, and a "federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989) (citations omitted). "[T]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). That rule applies equally to

evaluating the existence of federal questions in cases brought initially in federal court and in removed cases. *See Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 n.2 (2002). Relevant for purposes here, a federal question exists only when it is presented by what is or should have been alleged in the complaint. *Id.* at 830.

Here, Mr. Smith's Notice of Removal alleges various claims against the Bank relating to the fraudulent sale of his home. It does not contain any allegations relating to Mr. Singhru, the underlying state court case, or the basis for the court's jurisdiction over this matter. The only documents that refer to the state court case appear to be part of an unlawful detainer action by Mr. Singhru against Mr. Smith. The court ordered Mr. Smith to file a copy of the underlying complaint. [Docket No. 6.] Instead, Mr. Smith filed a Notice of Voluntary Dismissal, stating that he mistakenly filed the case under Mr. Singhru's name and that he requests dismissal of this action. [Docket No. 8.]

Based on the above facts, although Mr. Smith may have intended to file a complaint against the Bank relating to a mortgage in Mr. Smith's name, he did so through an improper removal of the unlawful detainer action filed against him in Contra Costa Superior Court. There is no basis for the exercise of subject matter jurisdiction over an unlawful detainer case, which is governed by state law. "If the district court at any time determines that it lacks jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.), *opinion amended on denial of reh'g,* 387 F.3d 966 (9th Cir. 2004) (citing 28 U.S.C. § 1447).

Accordingly, the court recommends remanding this case to the Superior Court for Contra Costa County.

//
//
//
//
//
//

## IV.    CONCLUSION

For the reasons above, the court recommends that Mr. Smith's IFP application be granted and that this action be remanded to the Contra County Superior Court.  The Clerk is directed to reassign this case to a district judge.

Any party may file objections to this report and recommendation with the district judge within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(a); N.D. Cal. Civ. L.R. 72-2.

**IT IS SO ORDERED.**

Dated: February 28, 2019



Judge Donna M. Ryu
Donna M. Ryu
United States Magistrate Judge

United States District Court
Northern District of California

4