UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RANJIT KAUR SINGHRU,

    Plaintiff,

v.

MITCHEL SMITH,

    Defendant.

Case No. 18-cv-07139-PJH

**ORDER REMANDING ACTION**

Pro se defendant Mitchel Smith removed this action pursuant to 28 U.S.C. § 1441 from the Superior Court of California, County of Contra Costa. Dkt. 1. Smith did not attach the underlying complaint to his notice of removal. Smith also filed an application to proceed in forma pauperis ("IFP"). Dkt. 2. On January 22, 2019, Magistrate Judge Ryu issued an order requiring Smith to file a copy of the state court complaint by February 1, 2019. Dkt. 6. Smith still has not filed a copy of the state court complaint. Instead, on February 1, 2019, Smith filed a notice of voluntary dismissal, appearing to state that he "mistakenly" filed suit against the person who purchased his house rather than a bank associated with the home's mortgage. Dkt. 8. But Smith cannot unilaterally dismiss an action in which he is the removing defendant.

On February 28, 2019, Magistrate Judge Ryu issued a report and recommendation recommending that the IFP application be granted and that the action be remanded to the Contra County Superior Court. Dkt. 10. No party objected to the report and recommendation, and the time to do so has passed. The court finds the report correct, well-reasoned and thorough, and adopts it in every respect. Specifically, Judge

Ryu accurately explained why the court lacks any basis for finding that it has subject matter jurisdiction over the action.

Judge Ryu explained that the underlying state court case appeared to be "an unlawful detainer action by Mr. Singhru against Mr. Smith," which would be "governed by state law." Id. at 2–3.  Smith's notice of removal primarily concerns the Bank of New York Mellon—which is not a party to this action—but it does not contain any allegations relating to Singhru, the underlying state court case, or the basis for this court's jurisdiction.

Given the record before the court, there appears to be no basis to exercise subject matter jurisdiction over the controversy between Singhru and Smith.  As such, this court must remand the action to state court.  See Cal. ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004); 28 U.S.C. § 1447.

Defendant's IFP application is GRANTED.  However, this action is hereby REMANDED to the Superior Court of California, County of Contra Costa.

**IT IS SO ORDERED.**

Dated:  March 15, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge